UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GIDEON C. ARRINGTON, II, | Case No. 22-CV-2362 (MJD/JFD) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| DYANNA L. STREET; ANTHONY C. PALUMBO; WADE A. KISH; and KELSEY R. KELLY, sued in their individual and official capacities, | |
| Defendants. | |

Plaintiff Gideon C. Arrington, II, was convicted in state court after entering an *Alford*[1] plea to one count of first-degree criminal sexual conduct. *See Arrington v. State*, No. A20-1538, 2021 WL 2644484, at *1-2 (Minn. Ct. App. June 21, 2021) (providing procedural history of Arrington's criminal and post-conviction proceedings). In this matter brought under 42 U.S.C. § 1985, Arrington alleges that the judge who presided over the state-court proceedings and the attorneys who prosecuted him violated his federal constitutional rights. (*See generally* Compl., Dkt. No. 1.)

Because Arrington is a prisoner, he was directed to pay an initial partial filing fee in this matter consistent with 28 U.S.C. § 1915(b) before this lawsuit could proceed. (Dkt. No. 4.) Arrington has now paid the required initial fee. (Dkt. No. 6.) Accordingly, this matter is now before the Court for preservice review pursuant to 28 U.S.C. § 1915A.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Under 28 U.S.C. § 1915A(a), "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

This Court warned Arrington before he paid the initial partial filing fee for this lawsuit that two barriers to relief appeared to be insuperable to him receiving relief from the judge and prosecutors in the state-court matter for alleged errors during the criminal proceedings. (Dkt. No. 5 at 3 n.2.) First, Arrington was warned that the claims raised in this action—essentially, that the attorneys who prosecuted him knowingly submitted false evidence to the state court, and that the judge who presided over the prosecution should have known that the evidence was false—necessarily imply the invalidity of his conviction and therefore appear to be barred by the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994). Second, Arrington was warned that both judges and prosecutors are absolutely immune from claims for monetary damages for actions taken in their judicial and prosecutorial capacities. *See Stump v. Sparkman*, 435 U.S. 349 (1978) (judicial immunity); *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982) (prosecutorial immunity).

Arrington, in addition to paying the initial partial filing fee, has offered two arguments regarding why this matter should not be dismissed pursuant to *Heck* or due to the immunity of the defendants. (Dkt. No. 5.) First, Arrington contends that he is not challenging the validity of his conviction in this action, but only "suing for the criminal act that was done to him." (*Id.* at 1.) Arrington, however, misapprehends the scope of the *Heck* doctrine. *Heck* not only prohibits federal litigants from directly attacking the validity of a state-court conviction through a procedural vehicle other than habeas corpus, but also precludes non-habeas claims that "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Heck*, 512 U.S. at 486. "[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Arrington alleges that he is in prison due to the malfeasance of the defendants, and he seeks monetary and declaratory relief for that malfeasance. (*See, e.g.*, Compl. ¶ 17 ("By failing and refusing to overturn the plaintiff [sic] conviction . . . defendants have inflicted both cruel and unusual punishment on plaintiff."); *id.* ¶ 37 (describing claim as "Conspiracy to Convict").) Regardless of whether he is expressly seeking the invalidation of his conviction as a remedy, Arrington's claims necessarily imply the invalidity of his conviction, as Arrington cannot succeed in this action without calling into doubt the lawfulness of his conviction. This is sufficient to bring this matter under the purview of *Heck*.

Second, Arrington argues that neither *Heck* nor judicial and prosecutorial immunity apply to this action because he is seeking relief for *conspiracy* to violate constitutional rights under § 1985 and not directly for violations of constitutional rights under 42 U.S.C. § 1983. But *Heck* and the doctrines of judicial and prosecutorial immunity apply equally to claims brought under § 1983 and to claims brought under § 1985. *See, e.g.*, *Snelling v. Westhoff*, 972 F.2d 199, 201 (8th Cir. 1992) (per curiam) (affirming dismissal of claims under § 1985 on grounds of prosecutorial immunity); *Schwartz v. Weinstein*, 459 F.2d 882, 883 (8th Cir. 1972) (per curiam) (affirming dismissal of claims under § 1985 on grounds of judicial immunity); *Audette v. United States*, No. 20-CV-2495 (PJS/DTS), 2021 WL 1321088, at *3 (D. Minn. Feb. 25, 2021) ("Although *Heck* itself discusses only § 1983 claims, the rationale of *Heck* applies equally to any civil claim that necessarily implies the invalidity of the prisoner's detention . . . ."); *Roberson v. Minnesota*, No. 16-CV-2578 (ADM/HB), 2016 WL 11198359, at *6 (D. Minn. Dec. 19, 2016) (noting, and citing cases for proposition, that "*Heck*'s holding has been extended to cover claims under [42 U.S.C.] §§ 1985 and 1986."). It is the substance of Arrington's claims, not the statute under which those claims are brought, which controls whether *Heck* or the immunity doctrines bar those claims from consideration.

Regarding the substance of those claims, as explained above, Arrington alleges that the defendants conspired to imprison him for a crime that he did not commit. Because those claims necessarily imply—indeed, practically assert—the invalidity of Arrington's conviction, *Heck* bars the claim from being raised until such time that the conviction is reversed, vacated, or otherwise invalidated. *See Heck*, 512 U.S. at 486-87. Further,

4

Arrington alleges that the putative conspiracy between the judge and prosecutors was carried out through the introduction and consideration of evidence during the course of criminal and post-conviction proceedings. But the introduction and consideration of evidence are quintessentially judicial and prosecutorial actions of exactly the kind insulated from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). Nor is Arrington saved from the effect of judicial and prosecutorial immunity through allegations that the defendants knowingly acted wrongfully or in bad faith. *See Mireles*, 502 U.S. at 11 (noting that "judicial immunity is not overcome by allegations of bad faith or malice"); *Stockley v. Joyce*, 963 F.3d 809, 818 (8th Cir. 2020); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) ("Because the immunity depends upon the functional nature of the prosecutor's activities, allegations of improper motive in the performance of prosecutorial functions will not defeat its protection."). The defendants are absolutely immune from the claims for relief raised in this lawsuit.

In short, this action is squarely foreclosed by *Heck* and the doctrines of judicial and prosecutorial immunity. Under either rationale, dismissal of this action is warranted under § 1915A(b). A dismissal pursuant to *Heck* must generally be effected without prejudice, so that the litigant may return to Court and relitigate his claims for relief should his conviction later become invalidated. *See Gautreaux v. Sanders*, 395 F. App'x 311, 312 (8th Cir. 2010) (per curiam). Judicial and prosecutorial immunity are both absolute and permanent though, and a complaint dismissed on either basis is therefore appropriately effected with prejudice rather than without prejudice. *See Grazzini-Rucki v. Knutson*, 597 F. App'x 902, 903 (8th

5

Cir. 2015) (per curiam) (affirming dismissal with prejudice on judicial immunity grounds); *Aery v. Cremens*, No. 20-CV-0055 (JRT/ECW), 2021 WL 536269, at *6 (D. Minn. Jan. 28, 2021) (collecting cases for proposition that dismissal of claim due to prosecutorial immunity is appropriately effected with prejudice). Accordingly, the Court will recommend that this matter be dismissed with prejudice. Finally, because this matter cannot survive preservice review, it is recommended that Arrington's pending application to proceed *in forma pauperis* be denied. *See* 28 U.S.C. § 1915(e)(2)(B). Arrington remains responsible for the remainder of the $350.00 statutory filing fee, which must be paid in installments over time; officials at the prison where Arrington is now detained should be apprised of that requirement. *See* 28 U.S.C. § 1915(b)(2).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A.

2. The application to proceed *in forma pauperis* of plaintiff Gideon C. Arrington, II (Dkt. No. 2) be **DENIED**.

3. Arrington be directed to pay the unpaid balance ($344.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2),

and the Clerk of Court be directed to provide notice of this requirement to the authorities at the institution where Arrington is confined.

Dated: October 25, 2022	     s/ *John F. Docherty*
	JOHN F. DOCHERTY
	United States Magistrate Judge

### NOTICE

Filing Objections: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).