UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GIDEON C. ARRINGTON, II,

      Plaintiff,

v.

DYANNA L. STREET; ANTHONY
C. PALUMBO; WADE A. KISH; and
KELSEY R. KELLY, sued in their
individual and personal capacities,

      Defendants.

**ORDER**
Civil File No. 22-2362 (MJD/JFD)

Gideon C. Arrington, II, pro se.

      The above-entitled matter comes before the Court upon the October 25, 2022 Report and Recommendation ("R&R") of United States Magistrate Judge John F. Docherty. (Doc. 7.) On November 9, 2022, Plaintiff filed an objection to the R&R. (Doc. 8.)

      Judge Docherty recommends dismissing this case with prejudice because Defendants are immune from suit under the doctrines of judicial and prosecutorial immunity. (Id. at 4-6.) In his objection to the R&R, Plaintiff

reiterates his argument that Prosecutorial Defendants are not entitled to absolute immunity because their conduct of manufacturing false evidence "shocks the conscience" and was a "brutal and inhumane abuse of official power."  (Doc. 1 at 8-9; Doc. 8 at 2-3 (citations omitted).)

Even under Plaintiff's theory that Defendants would at most be entitled to qualified immunity, Defendant Prosecutors are immune from prosecution in this case because when government officials are only entitled to qualified immunity, they are still "not subject to damages liability for the performance of their discretionary functions when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Buckley v. Fitzsimmons, 509 U.S. 259, 268 (1993) (citation omitted).  Plaintiff presents no evidence that Defendants violated these standards.  Thus, this case can be distinguished from Moran v. Clarke, cited by Plaintiff, which describes the voluminous evidence presented to the court in that case.  296 F.3d 638, 639-41 (8th Cir. 2002)  Defendants are, therefore, entitled to immunity.

Pursuant to statute, the Court has conducted a de novo review upon the record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based upon that review, the

Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge John F. Docherty, dated October 25, 2022.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge John F. Docherty, dated October 25, 2022 **(Doc. 7)**;

2. This matter is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A;

3. Plaintiff's Application to Proceed in forma pauperis **(Doc. 2)** is **DENIED**;

4. Plaintiff is directed to pay the unpaid balance ($344.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2); and

5. The Clerk of Court is directed to provide notice of the statutory filing fee payment requirement to the Authorities at the Institution where Plaintiff is confined.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   January 17, 2023          s/Michael J. Davis
                                   Michael J. Davis
                                   United States District Court